**United States District Court**
For the Northern District of California

1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   IRWIN GOOTNICK and SUSAN GOOTNICK,          No. C 05-02787 SI

9                Plaintiffs,                    **ORDER DENYING DEFENDANTS'**
         v.                                     **MOTIONS TO DISMISS OR TRANSFER**
10                                              **VENUE**

11  ERIC A. LIGHTER, HONOLULU RAIL &
    DEVELOPMENT, LTD., and CREDIT BUREAU
    INTERNATIONAL INC.
12

13                Defendants.
                                          /

14

15          On October 25, 2005, the Court heard argument on defendants' motions to dismiss or transfer

16  venue.  Having carefully considered the arguments of the parties and the papers submitted, the Court

    DENIES the motions for the reasons set forth below.
17

18
                                       **BACKGROUND**
19

20          This case arises out of a series of business transactions entered into between the defendant, Eric

21  Lighter, acting in various capacities, and the plaintiffs, Irwin and Susan Gootnick.  Defendant Lighter is a

22  resident of Hawaii and the defendant corporations are incorporated in Hawaii, while the plaintiffs are residents

    of California.
23

24          Plaintiffs bring suit in this Court to cancel several written sale instruments entered into by plaintiffs, and

25  to cancel several mortgage instruments entered into by defendant Lighter as president of Honolulu Rail & Dev.

    Ltd ("HRD") and Credit Bureau Int'l, Inc. ("CBII") and as trustee of Gootnick Charitable Trust, Inc. ("GCTI")
26

27  and Gootnick Family Trust ("GFT").  Compl. ¶ 28.  Plaintiffs also bring suit to quiet title to a parcel of land

    located in San Francisco, California.  *Id.* at ¶ 33.  Plaintiffs allege that the written sale instruments are void
28

because they were obtained fraudulently and the mortgage instruments are void because the defendant was not authorized to act on behalf of GCTI.  Compl. ¶¶ 25, 26.

Defendant Lighter moves pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss for lack of jurisdiction, and, in the alternative, to dismiss or transfer venue to the District Court for the District of Hawaii. Defendant Lighter bases his venue-based motions on a forum selection clause contained in an October 8, 2004 Promissary Note,[1] on 28 U.S.C. § 1391(a), and on 28 U.S.C. § 1404(a).  Defendants HRD and CBII consent to personal jurisdiction in this Court but join defendant Lighter's motion to dismiss or transfer venue to the District of Hawaii.

According to plaintiffs' verified complaint and the Declaration of Irwin Gootnick in Support of Plaintiff's Opposition to the Motion to Dismiss for Lack of Personal Jurisdiction, Irwin Gootnick ("Gootnick") deeded his property located at 4333 California Street, San Francisco, California, to the Gootnick Family Trust ("GFT") via quitclaim deed in 1997.  Compl. ¶ 14; I. Gootnick Decl. ¶ 6.  In 2003, Gootnick's tax preparer, Sam Fung, advised him to establish a California corporation to hold the assets of the Gootnick Family Trust.  I. Gootnick Decl. ¶ 2.  Fung suggested that Gootnick contact Eric Lighter to assist with the details and requirements of creating the corporation.  *Id.* at ¶ 2.  In early 2004, Gootnick called Lighter to request his assistance.  *Id.* at ¶ 2.  After the initial communication between Gootnick and Lighter, Mr. Fung informed Gootnick that Lighter required $10,000, in cash, to continue assisting him.  *Id.* at ¶ 3.  On March 24, 2004, Gootnick gave Mr. Fung $10,000 in cash, receiving a receipt.  *Id.* at ¶ 3.  On multiple occasions in March of 2004 and after, Lighter contacted Gootnick to discuss business propositions and Gootnick contacted Lighter to discuss advice and recommendations with regard to GFT.  *Id.* at ¶ 4.  After requesting and receiving advice from both Mr. Fung and Lighter, Gootnick converted the Gootnick Charitable Trust into a corporation, GCTI, and transferred all of the assets of GFT to the corporation by transforming GFT into subsidiary of GCTI.  *Id.* at ¶¶ 4,5.  Lighter prepared the legal documents for these transactions in Hawaii and sent them to Gootnick to sign in California

---

[1]The October 8, 2004 Promissory Note is an instrument signed only by defendant Lighter, wherein he promises to pay the plaintiffs two million dollars, plus interest, in payments equal to 85% of the rental income of the 4333 California Street property conveyed to defendant Lighter in an October 8, 2004 Bill of Sale signed by the plaintiffs.  The Note includes the following choice of law/forum-selection clause: "All matters regarding this note shall be determined according to the laws of the State of Hawaii.  Any disputes arising from or related hereto shall be exclusively heard in a Hawaii court, or before Hawaii arbitrators if the parties choose arbitration therefore."

2

**United States District Court**
For the Northern District of California

1    and return. *Id.* at ¶¶ 5-7.

2          One of the transactions was a Bill of Sale executed by Gootnick, transferring 150 shares of GFT

3    interest to GCTI. *Id.* at ¶ 5. Lighter sent several other legal documents to Gootnick to sign in California,

4    including a Mutual Assignment of Stock, executed by Gootnick on April 3, 2004, wherein he assigned 100

5    shares of GCTI to Lighter in return for 100 shares of a Hawaiian corporation. *Id.* at ¶ 7; Compl., Ex. F.

6    Gootnick's wife, Susan Gootnick, also executed a Bill of Sale on October 8, 2004, wherein she sold 450

7    shares of GCTI to Lighter in consideration of a small property owned by GCTI. S. Gootnick Decl. ¶ 2; Ex.

8    1. Mr. Gootnick himself executed a Bill of Sale on October 8, 2004, wherein he sold 450 shares of GCTI to

9    Lighter in consideration of an unsecured promissory note for $2 million dollars. Compl. ¶ 17; I. Gootnick Decl.

10   ¶ 8.

11         In December 2004, Lighter traveled to California in order to obtain signature authority on the GCTI

12   bank account. I. Gootnick Decl. ¶ 8. According to the complaint, Lighter subsequently took out three

13   mortgages secured with GCTI's real property located at 4333 California Street, San Francisco, California.

14   Compl. ¶ 18, Ex. C, D, E. A mortgage dated October 14, 2004 was signed by Lighter, in his capacity as

15   trustee of GFT, the mortgagor. *Id.* The mortgagee in the transaction was HRD and Lighter also signed the

16   mortgage in his capacity as president of HRD. *Id.* This mortgage conveyed GCTI's real property at 4333

17   California Street to HRD in return for $350,000. *Id.* On January 14, 2005, Lighter, in his capacity as

18   president of HRD, executed a mortgage and promissory note representing that the initial mortgage between

19   GFT and HRD had been increased to $1.5 million. *Id.* The transaction also assigned HRD's rights to the

20   mortgaged property to CBII, signed by Lighter, in his capacity as president of CBII. *Id.* That instrument also

21   is signed by Lighter as president of Super Teaching Corporation, the consenting trustee of GFT. The third

22   mortgage, dated November 15, 2004, was executed by Lighter, as trustee of GFT and GCTI, assigning all of

23   its rights in the real property to CBII, in consideration of $1.5 million dollars. *Id.* All of the signatures in that

24   transaction were Lighter's. *Id.* All of the mortgages were recorded in the San Francisco Office of the

25   Assessor-Recorder and all were executed by Lighter. *Id.*

26                                          **LEGAL STANDARD**

27   **1.      Personal jurisdiction**

28

1    In any action, personal jurisdiction must exist for each defendant. *See* Fed. R. Civ. P. 12(b)(2).

2   Personal jurisdiction over a non-resident defendant may exist if the defendant has either a continuous and

3   systematic presence in the state (general jurisdiction), or minimum contacts with the forum state such that the

4   exercise of jurisdiction "does not offend traditional notions of fair play and justice" (specific jurisdiction). *Int'l*

5   *Shoe Co. v. Washington*, 326 U.S. 310, 316 (1946).   Where there is no federal statute applicable to

6   determine personal jurisdiction, a district court should apply the law of the state where the court sits. *See*

7   *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).   California law requires

8   only that the exercise of personal jurisdiction comply with federal due process requirements. *See id.* at 800-01.

9

10   If personal jurisdiction is challenged, the plaintiff bears the burden of establishing the district court's

11   personal jurisdiction over the defendants. *See Doe I v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001)

12   (per curiam).   However, without an evidentiary hearing, the plaintiff need only make a prima facie showing of

13   jurisdiction to avoid the motion to dismiss. *See id.*; *see also Data Systems, Inc. v. Systems Tech Assoc., Inc.*,

14   557 F.2d 1280, 1285 (9th Cir. 1977).   That is, the plaintiff must present facts which, if true, establish

15   jurisdiction. *See Unocal,* 248 F.3d at 922.

16   A district court's jurisdiction analysis must consider plaintiffs' version of the facts to be true, and

17   "conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiffs'] favor." *Unocal*,

18   248 F.3d at 922 (quoting *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996)); *see*

19   *also Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000).

20

21   **2.      Venue**

22   Pursuant to 28 U.S.C. § 1391(a), in a diversity action venue is proper in (1) a judicial district where

23   any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part

24   of the events of omissions giving rise to the claim occurred, or a substantial part of property is the subject of

25   the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the

26   time the action is commenced, if there is no district in which the action may otherwise be brought. *See* 28

27   U.S.C. § 1391(a).

28

**United States District Court**
For the Northern District of California

1    Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action for the convenience of

2  the parties, witnesses, or in the interests of justice. *See* 28 U.S.C. § 1404(a).  To support a motion for transfer

3  of venue under 28 U.S.C. § 1404(a), the moving party must establish: (1) that venue is proper in the transferor

4  district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer

5  will serve the convenience of the parties and witnesses and will promote the interests of justice.  *See Geo. F.*

6  *Martin Co. v. Royal Ins. Co. of America,* 2004 U.S. Dist. LEXIS 8927 at *4 (N.D. Cal. May 14, 2004).

7

8                                    **DISCUSSION**

9  **1.      Defendant Lighter's motion to dismiss for lack of personal jurisdiction**

10    Plaintiffs do not contend that Lighter's actions in California have been systematic or continuous such

11  that the Court may exercise general personal jurisdiction over Lighter.  *See Schwarzenegger,* 374 F.3d at 801

12  ("For general jurisdiction to exist over a nonresident defendant . . . the defendant must engage in continuous

13  and systematic general business contacts.") (internal quotations omitted).  Therefore, the Court must determine

14  whether it may exercise specific jurisdiction over defendant Lighter.  *See Core-Vent Corp. v. Nobel Ind. AB*,

15  11 F.3d 1482, 1485 (9th Cir. 1993).

16    The Ninth Circuit has established a three-part test to determine whether the Court may exercise specific

17  jurisdiction over a non-resident defendant.  First, the defendant must purposefully direct his activities to the

18  forum state, consummate some transaction with the forum or resident thereof, or purposefully avail himself of

19  the privileges of conducting activities in the forum state, thereby invoking the benefits of the forum state's laws.

20  *See Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1129 (9th Cir. 2003).

21  Second, the plaintiff's claim must be one that arises out of the defendant's forum-related activities.  *See id.*

22  Third, exercising jurisdiction must be reasonable.  *See id.*

23

24          **A.      Purposeful availment of the privileges and benefits of this forum**

25    Defendant Lighter argues that the plaintiffs have failed to establish that he purposefully availed himself

26  of California's privileges and benefits.  He points out that Gootnick initiated the business dealings; that the

27  written instruments at issue were prepared and implemented in the State of Hawaii; that Gootnick traveled to

28

1    Hawaii in December of 2004 to discuss their business endeavors; and that  Gootnick sent five boxes of

2    documents pertaining to GCTI and GFT to Hawaii for Lighter to review.

3        Although these facts demonstrate that some of the events in this action took place in Hawaii, that is not

4    the relevant question.  Rather, the question is whether defendant Lighter "purposefully avail[ed] [him]self of

5    the privilege of conducting activities within the forum State." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462,

6    475  (1985).  The Court held that if there is such a purposeful act, jurisdiction cannot be avoided simply

7    because the defendant did not physically enter the forum state.  *See id.* at 476.  Here, plaintiffs allege that

8    defendant Lighter did enter the forum state in order to obtain executive control of the plaintiffs' trust fund.  I.

9    Gootnick Decl. ¶ 8.  After taking advantage of the benefits of controlling GCTI, a California corporation,

10   plaintiff alleges that defendant recorded several mortgages, stemming from GCTI's real property assets, with

11   the City and County of San Francisco Office of the Assessor-Recorder as trustee of GCTI  I. Gootnick Decl.

12   ¶ 8.  Lighter purposefully recorded his mortgages with San Francisco County and he purposefully engaged in

13   business activity with California based trusts.  The Court concludes that defendant Lighter has purposefully

14   availed himself of the privilege of conducting activities within California.

15       Defendant's assertion that none of the transactions were finalized or implemented in California is

16   addressed by *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.,* 784 F.2d 1392 (9th Cir. 1986).

17   In *Haisten*, the court held that there was personal jurisdiction over an insurance company based in the Cayman

18   Islands which had no physical contacts in California.  Because the company knowingly and intentionally insured

19   California residents, such activity constituted purposeful direction even though the policies provided to the

20   California residents were issued, delivered, and paid for in the Cayman Islands.  *Id.* at 1397.  Here, defendant

21   knowingly and intentionally contracted with plaintiff, and those contracts directly implicate GCTI and GFT, two

22   California entities.

23

24       **B.    Claims arising out of defendant's activity in the forum**

25       Defendant Lighter argues that the plaintiffs' causes of action involve stock transactions that were not

26   finalized in California.  The Ninth Circuit applies a "but-for" test to this second prong of the specific jurisdiction

27   analysis.  *See Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).  The claims of this case would not have

28

6

**United States District Court**
For the Northern District of California

1  arisen but for defendant Lighter's business dealings with the plaintiffs involving the California-based entities,

2  GCTI and GFT, and the real property located at 4333 California Street in San Francisco, California.

3  Therefore, the claims do arise from defendant's activity in the forum.

4

5  ### C.   Reasonable exercise of jurisdiction

6  The Ninth Circuit considers seven factors in determining whether the exercise of jurisdiction is

7  reasonable: 1) the extent of the defendant's purposeful interjection into the forum state's affairs, 2) the burden

8  on the defendant of defending in the forum, 3) the extent of conflict with the sovereignty of the defendant's state,

9  4) the forum state's interest in adjudicating the dispute, 5) the most efficient judicial resolution of the

10  controversy, 6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and 7)

11  the existence of an alternative forum. *See Mattel, Inc. v. Greiner & Hausser GmbH,* 354 F.3d 857, 866 (9th

12  Cir. 2003).

13  With the first two prongs of the analysis satisfied, the defendant must rebut the presumption of proper

14  jurisdiction and present a compelling case that exercising jurisdiction would be unreasonable. *See Ballard,* 65

15  F.3d at 1500.  Defendant has failed to address that burden in his motion to dismiss for lack of personal

16  jurisdiction.

17  Defendant Lighter's Fed. R. Civ. P. Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction

18  is DENIED.

19

20  **2.   Defendant Lighter's motion to dismiss for improper venue**

21  Defendant Lighter alternatively moves for dismissal for improper venue pursuant to 28 U.S.C. § 1391.

22  Defendant argues that venue is improper in California and should be in Hawaii because he, as the defendant,

23  resides in Hawaii, and because a substantial part of the events or omissions occurred in Hawaii.

24  The Court concludes that venue is proper under 28 U.S.C. § 1391(a)(2) because "a substantial part

25  of property that is the subject of the action is situated" in this judicial district. 28 U.S.C. § 1391(a).  Moreover,

26  three of the six written instruments at issue in the case involve mortgages recorded with the San Francisco

27  Office of the Assessor-Record, and thus "a substantial part of the events or omissions giving rise to the claim"

28

United States District Court

For the Northern District of California

1    occurred in this judicial jurisdiction. *Id.* Accordingly, the Court concludes that venue is proper pursuant to 28

2    U.S.C. § 1391(a). *See Engel v. CBS, Inc.,* 886 F. Supp. 728, 732 (9th Cir. 1995).

3        Defendant Lighter also contends that venue is improper based upon the forum selection clause

4    contained in the October 8, 2004 Promissory Note which was signed by Lighter (and not signed by plaintiffs).

5    Defendant's argument for dismissal based on the forum selection clause is untimely, however, because he did

6    not raise this argument in his first Rule 12 motion. The Ninth Circuit has held that a motion for dismissal for

7    improper venue based upon a forum selection clause should be brought pursuant to Rule 12(b)(3). *See*

8    *Argueta v. Banco Mexicano S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). The Ninth Circuit has also held that

9    certain defenses, such as the defense of improper venue, "must be raised at the first available opportunity or,

10   if they are not, they are forever waived." *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d

11   1104, 1106-07 (9th Cir. 2000) (citing Rule 12 and specifically mentioning defense of improper venue).

12       Here, defendant Lighter filed a motion to dismiss for lack of personal jurisdiction pursuant to Rule

13   12(b)(2) on July 7, 2005. Defendant Lighter filed a motion to dismiss for improper venue on August 25, 2005.

14   Pursuant to the Ninth Circuit authority cited above, defendant Lighter waived his improper venue argument

15   based on the forum selection clause by not raising it in his first Rule 12 motion.[2]  Defendant's statement that his

16   August 25, 2005 improper venue motion is "joined with defendants' notice of removal" is an implicit recognition

17   of the fact that the venue argument should have been raised at the first opportunity; such a "joinder" has no legal

18   significance and does not cure defendant's waiver. The Court will consider the forum selection clause only in

19   connection with defendants' motions to transfer venue pursuant to 28 U.S.C. § 1404.

20

21   **3.    Defendant Lighter's motion to transfer venue pursuant to 28 U.S.C. § 1404**

22       Defendant Lighter moves, in the alternative, to transfer this case to the District of Hawaii pursuant to

23   28 U.S.C. § 1404. Section 1404(a) provides, "[f]or the convenience of the parties and witnesses, in the

24   interest of justice, a district court may transfer any civil action to any other district or division where it might

25   have been brought." 28 U.S.C. § 1404(a). Transferring an action pursuant to Section 1404(a) is at the broad

26

27   _____

28   [2] The Court further notes that defendant Lighter filed a "Demand for Trial by Jury" on July 12, 2005.

United States District Court

For the Northern District of California

1    discretion of the court. *See Commodity Futures Trading Com. v. Savage,* 611 F.2d 270, 279 (9th Cir.

2    1979).

3    In determining whether to transfer an action, the Court considers the following factors: (1) the location

4    where the relevant agreements were negotiated and executed, (2) the ease of access to sources of proof, (3)

5    the differences in the costs of litigation in the two forums, (4) the respective parties' contacts with the forum,

6    (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the plaintiff's choice of forum,

7    (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the

8    state that is most familiar with the governing law. *See Jones v. GNC Franchising Inc.,* 211 F.3d 495, 498

9    (9th Cir. 2000).  The presence of a valid forum selection clause also is a significant, but not determinative

10   aspect of the Court's analysis. *See id.*

11   In this case, the agreements were negotiated and executed in both Hawaii and California, and generally

12   over the phone and through the mail.  With regard to access to proof and evidence, defendants anticipate the

13   eventual participation of non-party witnesses who reside in Hawaii,  while plaintiffs contend that their witnesses

14   are in California.  Plaintiffs also assert in their complaint that several of the written instruments at issue are in

15   the possession of defendant Lighter, presumably in Hawaii, but other instruments at issue are located in San

16   Francisco, namely the mortgages recorded with the San Francisco Assessor-Recorder.  On balance, the access

17   to proof factor benefits neither party significantly.  Although the plaintiffs' contacts with the Hawaii forum are

18   not extensive, they did voluntarily engage in business dealings relating to development projects located in

19   Hawaii.  Considering plaintiffs' involvement with the forum, Hawaii is not an altogether inconvenient location

20   to proceed with this litigation.  The costs of the litigation are not significantly different.  Plaintiffs argue that

21   because two of the defendants are corporations, it would not serve justice to require plaintiffs to travel to

22   Hawaii to litigate their claims.  However, plaintiffs are both successful entrepreneurs who voluntarily entered

23   into investment deals with the defendant and several Hawaiian development projects.  This Court is not

24   convinced that proceeding with litigation in Hawaii would significantly impede plaintiffs.  As for the ability to

25   compel witnesses, both California and Hawaii have sufficient processes to compel witnesses.

26   The remaining factors to consider – plaintiffs' choice of forum and familiarity with governing state law

27   – are the most significant in this case. Plaintiffs' choice of forum is given substantial weight in analyzing a Section

28

1404(a) motion to transfer venue. *See Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1334-35 (9th Cir. 1984). Further, it appears that California law will govern some, perhaps most, of the claims. The choice of law/forum selection clause in the promissory note executed by defendant Lighter provided only that "all matters regarding this note shall be determined according to the laws of the State of Hawaii." It is unlikely that many legal issues in the claims asserted here will turn on legal interpretation of the note itself, and none of the other relevant documents or contracts contain such a provision.

Further, the cause of action against defendants HRD and CBII is an action to quiet title to real property located in California. Not only does California law govern that claim, but a Hawaii court would be unable to order effective relief . In *Sherrill v. McShan*, 356 F.2d 607 (9th Cir. 1966), the Ninth Circuit held that a district court acts as an adjunct court of the state in which it sits, and it has no jurisdiction to issue a decree to any party quieting title to any real property located outside of that state. *See id.* at 610.

This Court finds that consideration of all the relevant factors militates against transfer to the District of Hawaii. Defendant Lighter's motion to transfer venue pursuant to 28 U.S.C. § 1404 is DENIED.

**4.      Defendants HRD and CBII's motion to transfer venue**

Defendants HRD and CBII have filed a motion to dismiss or transfer venue advancing the same arguments discussed above. The Court's analysis of defendant Lighter's motion dismiss under 28 U.S.C. § 1391 and to transfer venue under 28 U.S.C. § 1404 applies equally here.

However, the corporate defendants' motion to dismiss for improper venue based on the forum selection clause raises somewhat different questions. Counsel for defendant stated at oral argument that the corporate defendants had asserted improper venue as the 15th affirmative defense in their answer to the complaint, and thus had not waived the claim. Although it appears from the parties' briefs that the corporate defendants filed an answer in state court on July 7, 2005, no such answer has been filed in this Court and thus this Court cannot confirm counsel's representation.

However, even if the corporate defendants are procedurally entitled to bring a Rule 12(b)(3) motion to dismiss for improper venue due to the forum selection clause, they have not demonstrated its applicability. Plaintiffs obtained the October 8, 2004 Promissory Note containing the forum selection clause as consideration

United States District Court

For the Northern District of California

1   for granting defendant Lighter control of GCTI and GFT. The promissory note is a single document signed only

2   by defendant Lighter, in his individual capacity, and it makes no reference to the corporate defendants.

3   Plaintiffs have not sought to enforce and collect upon the promissory note, either from Lighter or the corporate

4   defendants, distinguishing this case from *TAAG Linhas Aereas v. Transamerica Airlines, Inc.,* 915 F.2d

5   1351 (9th Cir. 1989). The venue selection provision of the promissory note does not apply to these defendants

6   or the claims now being brought against them.

7        The corporate defendants' motion to dismiss or transfer venue pursuant to the forum selection clause

8   contained in the October 8, 2004 Promissory Note is DENIED.

9

10                                          **CONCLUSION**

11        For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant Lighter's

12   motion to dismiss for lack of personal jurisdiction and all defendants' motion to dismiss or transfer venue.

13   [Docket Nos. 3, 7, 8]

14

15   Dated: November 15, 2005

16                                                          _____

17                                                          SUSAN ILLSTON
                                                            United States District Judge

18

19

20

21

22

23

24

25

26

27

28