

March 28, 2006

Hon. Susan Illston
United States District Court
Northern District of California
Courtroom 10
19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

     Re:    *Gootnick v. Lighter, et al.*; Northern District Case No. C 05-02787 SI

Dear Judge Illston:

At the most recent case management conference, you invited defendants to provide you with argument and authorities regarding enforcement of the bankruptcy stay in the pending action. After discussing the matter with your clerk, I have agreed with Richard Nelson, counsel for plaintiffs, to submit the matter by letter briefs. Mr. Nelson will have five court days in which to file his opposition to defendants' position and I will have two court days in which to file a reply.

There is currently pending a significant amount of discovery. Plaintiffs have requested the production of many boxes of documents and there are depositions scheduled to take place during the week of April 24. As a result, if possible, it would be very helpful to have a decision on this matter by mid-April.

## PROCEDURAL AND FACTUAL BACKGROUND

In the pending action, Irwin and Susan Gootnick assert causes of action for cancellation of instruments, including certain mortgages, and for quiet title. Because title to the property in issue is held by Gootnick Family Trust ("Debtor"), a fact the Gootnicks admit, the causes of action necessarily belong to Debtor (the reason Susan has identified herself as Trustee of Debtor). As the claims belong to Debtor and it is in bankruptcy, this action is subject to the automatic stay.

In 2004, the Gootnicks entered into a series of transactions the result of which was the sale of all of their interests in Gootnick Charitable Trust, Inc. ("GCTI"), to Lighter. *See* Complaint, ¶¶ 15-17; exhs. F, G and H. As part of the sale, the Gootnicks both resigned from any position associated with GCTI and its subsidiaries. They also confirmed that Lighter (and Dean Robin) had exclusive control over those entities. The Bills of Sale the Gootnicks signed contained the following provision:

Hon. Susan Illston
United States District Court
March 28, 2006
Page 2

> [Irwin] and Susan Gootnick hereby resign from any position of . . . trustee . . . of the corporation [Gootnick Charitable Trust, Inc.] and all of its subsidiaries [including Debtor]. Eric Aaron Lighter and Dean Robin are hereby acknowledged as exclusive controllers of GCTI and its subsidiaries [including Debtor]. *See* Complaint, exh. G, p. 2.

Thus, it appears not to be not subject to controversy that Lighter is the documented owner of GCTI and, along with Dean Robin, in sole control of Debtor.

Debtor has numerous assets, including an ownership interest in a medical building located at 4333 California Street in San Francisco (the "Medical Building"). *See* Complaint, ¶ 11, exh. B; *see also* Lighter Decl., ¶ 10, exh. A (Bankruptcy Schedules A and B). The Medical Building is encumbered by two mortgages held by Credit Bureau International, Inc. ("Credit Bureau") in the amounts of $350,000 and $1,500,000. *See* Complaint, ¶¶ 18 (a-c); exhs. C, D and E.

On May 18, 2005, the Gootnicks filed the pending action. In addition to suing on their own behalf for cancellation of the documents by which they transferred their interest in GCTI to Lighter, Susan has alleged a cause of action as Trustee of Debtor to cancel the two mortgages held by Credit Bureau. *See* Complaint, ¶¶ 24-30. Susan has also alleged a cause of action as Trustee of Debtor to quiet title to the Medical Building. *See* Complaint, ¶¶ 31-34.

On February 15, 2006, Debtor filed its voluntary petition under Chapter 7 of the Bankruptcy Code. *See* Notice of Bankruptcy Petition, filed February 21, 2006, to which a copy of the petition is attached as exhibit A. The reason for the bankruptcy filing was a significant tax liability that is attributable to the Gootnicks. Lighter Decl., ¶ 11. At the time it filed its bankruptcy petition, Debtor estimated it owed: (1) $166,633 to the Internal Revenue Service, excluding penalties for tax fraud, (2) $50,000 to the California Franchise Tax Board, and (3) $953.90 plus $12,000 for each of two years to the City and County of San Francisco. *Id.* at exh. A (*see* Schedule E – Creditors Holding Unsecured Priority Claims). Wing Ng, bankruptcy counsel for Debtor, who is also a Certified Public Accountant with 28 years of experience, has characterized the situation as one of the worst cases of tax fraud he has ever personally examined. Lighter Decl., ¶ 11.

Because the Gootnicks seek to exercise control over Debtor's assets – the causes of action for cancellation of mortgage instruments recorded against the Medical Building and to quiet title of the Medical Building – this action is automatically stayed under section 362(a)(3) of the Bankruptcy Code. This Court should enter an order enforcing that stay.

Hon. Susan Illston
United States District Court
March 28, 2006
Page 3

## THE PENDING ACTION IS STAYED BECAUSE PLAINTIFFS SEEK TO EXERCISE CONTROL OVER PROPERTY BELONGING TO DEBTOR

When a debtor files for bankruptcy protection, any actions against it as well as any actions seeking to exercise control over its property are automatically stayed. Title 11 U.S.C. §362(a) states, in pertinent part, as follows:

> [A] petition filed under . . . this title . . . operates as a stay, applicable to all entities, of – [¶] (3) any act to obtain possession of property of the estate or of property from the estate *or to exercise control over property of the estate*. 11 U.S.C. §362 (emphasis added).

A bankruptcy estate is created on filing of a bankruptcy petition and the district court in which the bankruptcy case is commenced obtains exclusive *in rem* jurisdiction over all property in the estate. *In re Simon*, 153 F.3d 991, 996 (9th Cir. 1998). Section 541(a) of the Bankruptcy Code defines the debtor's estate in an expansive fashion to include, among many other things, "(1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case . . . (3) Any interest in property that the trustee recovers under section . . . 550 . . . of this title [fraudulent transfer]." The Ninth Circuit has stated that section 541 must be interpreted and implemented broadly. *See, e.g., Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir. 1986)) ("[t]he scope of section 541 is broad"); *In re Fitzsimmons*, 20 B.R. 237 (9th Cir. BAP 1982) ("[t]he definition of property interests which are part of the debtor's estate under § 541 is specific and extensive"). The Ninth Circuit has also held that whether something is property of the bankruptcy estate is a decision within the jurisdiction of the bankruptcy court. *In re Southland + Keystone*, 132 B.R. 632, 638 (9th Cir. BAP 1991) ("[c]learly, a determination of whether assets are property of a bankruptcy estate concerns administration of the estate.")

The legislative history of section 541 supports this conclusion. The House report that accompanied the bill stated section 541(a)(1) was intended to "include . . . all kinds of property, including tangible or intangible property, *causes of action* . . ., and all other forms of property currently specified in section 70a of the Bankruptcy Act . . . ." H.R. Rep. No. 595, 95th Cong., 1st Sess. 367 (1977), reprinted in 1978 U.S.Code Cong. & Ad.News 5963, 6323 (emphasis added). Section 70(a) of the Bankruptcy Act included a reference to "property transferred by [the debtor] in fraud of his creditors." Bankruptcy Act of 1898, ch. 541 § 70(a)(4), 30 Stat. 544, 566 (repealed 1979).

Only the bankruptcy trustee may assert a cause of action that belongs to the bankruptcy estate. In *Sierra Switchboard Co.*, after filing for bankruptcy protection, debtor sought on her own to assert a claim for emotional distress damages. The bankruptcy court, in which she filed the action, dismissed it because the claim was the property of the bankruptcy estate. The Ninth Circuit affirmed the dismissal, explaining its decision as follows:

Hon. Susan Illston
United States District Court
March 28, 2006
Page 4

>   11 U.S.C. § 541(a)(1) (1982) defines property of the bankruptcy estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." The scope of section 541 is broad, and includes causes of action. 789 F.2d at 707 (citing *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 (1983)).

The automatic stay bars anyone from suing to enforce a right of action belonging to a bankrupt debtor. *In re Crysen/Montenay Energy Co.*, 902 F.2d 1098, 1101 (2d Cir. 1990). In that case, a bankrupt debtor acted as the middleman for the sale of bulk fuel oil to a utility. A dispute arose over the quantity of fuel oil delivered and the fuel oil seller sued the middleman for breach of contract as a result of its failure to pay for the amount of fuel oil the seller claimed it had delivered. The middleman filed for bankruptcy protection and the fuel oil seller dismissed its lawsuit. It then sued the utility directly on a conversion theory. The bankruptcy court enforced the automatic stay against the conversion action. It explained its decision as follows:

>   [T]he price [debtor] charged [the utility] for the oil exceeded the price it paid [the fuel oil supplier] for the purchase of the oil. . . . [W]e would, in order to allow [the fuel oil supplier] to prosecute this action without prejudicing [debtor]'s right to recover its profit on the price of the diverted oil, have to allow [the fuel oil supplier] to seek recovery on behalf of [debtor]. Because the reorganization aspect of this controversy prevents any party other than the trustee from bringing suit or seeking recovery on behalf of the debtor, *see In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir 1985); *In re Chateugay Corp.*, 78 Bankr. at 725, we find that [the fuel oil supplier] is barred from prosecuting its tort action against [the utility]. *Id*. at. 1104.

The rule has been held to apply to a cause of action for fraudulent conveyance, which is, essentially, the basis for the cancellation of the mortgage instruments plaintiffs seek in the pending action. *See In re Sherk*, 918 F.2d 1170 (5th Cir. 1990). In *Sherk*, the bankrupt debtor was a homeowner whose property had been foreclosed. Debtor and his wife agreed with a third party that it would purchase the property, rent it to debtor and his wife and provide them with an option to repurchase it. When debtor and his wife failed to effect the repurchase and defaulted under the lease, the third party obtained a judgment for possession against them. Debtor filed for Chapter 7 bankruptcy protection. Debtor's wife filed an action in state court seeking damages for the conduct related to the foreclosure of her homestead interest and the third party's conduct related to the repurchase agreement. Her action was removed to the bankruptcy court, which granted the third party's motion to dismiss. The court explained the dismissal as follows:

>   The controversy here is whether [Debtor and his wife]'s interest in the residence, which was the subject of [the wife]'s suit, was property of the

Hon. Susan Illston
United States District Court
March 28, 2006
Page 5

estate; if so, the district court had exclusive jurisdiction over the property pursuant to § 1334(d). *Id.* at 1173-1174.

According to the Bankruptcy Code, the trustee has the power, under Section 548 and 550, to recover for the bankruptcy estate property which has been fraudulently transferred. The section 548 power to avoid fraudulent transfers "usually may only be asserted by a trustee . . . ." *In re Curry and Sorensen, Inc.*, 57 B.R. 824, 827 (9th Cir. BAP 1986). *Id.* at 1175.

The court reached the same result in *In re Mortgageamerica*, 714 F.2d 1266 (5th Cir. 1983). In that case, a bank obtained a jury verdict against a corporate entity and sought to levy the judgment against the individual shareholder, contending he had deliberately stripped the corporation of its assets for his own benefit. When the corporation was forced into bankruptcy, the court stayed those efforts. The Fifth Circuit affirmed its decision, stating as follows:

We hold that the bank's state-law actions against [debtor] under the Texas trust fund (denuding) theory and under the Texas Fraudulent Transfers Act were . . . automatically stayed by section 362(a)(3) of the Bankruptcy Code immediately upon the filing of the petition for involuntary bankruptcy . . . . *Id.* at 1277.

*See also Matter of U.S. Marketing Concepts, Inc.*, 113 B.R. 487, 490 (Bankr. N.D. Ind. 1990) (automatic stay protects property of the estate by preventing prosecution of claims against non-debtors); *In re Litchfield Co. of South Carolina Ltd. Partnership*, 135 B.R. 797 (W.D.N.C. 1992) (action by creditor against non-debtor partners stayed because right against partners was property of bankruptcy estate).

Susan Gootnick has sued both on her own behalf and as Trustee of Debtor. Complaint, ¶ 4. The Gootnicks concede Debtor has an ownership interest in the Medical Building. *Id.* at ¶ 11. They also concede the mortgage instruments they seek to cancel encumber the Medical Building. *Id.* at ¶ 18. By their first cause of action, among other things, they seek to cancel the mortgage instruments. *Id.* at ¶¶ 24, 26 and 28-30. By their second cause of action, they seek to quiet title to the Medical Building. *Id.* at ¶¶ 32-34. As Debtor owns the Medical Building, those claims belong to it. Because the Gootnicks seek to exercise control over Debtor's assets by asserting claims that belong to it, this action is stayed under 11 U.S.C. §362(a)(3) and this Court should enter an order enforcing the stay.

> Very truly yours,
>
> *Marlis McAllister*
>
> Marlis McAllister