IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRWIN GOOTNICK et al., | No. C 05-02787 SI |
| Plaintiffs, | **ORDER DENYING DEFENDANTS' MOTION FOR STAY** |
| v. | |
| ERIC A . LIGHTER, et al., | |
| Defendants. | |

By letter brief, defendants ask the Court to find that the automatic stay in related bankruptcy proceedings applies to stay this action. Having carefully considered the papers submitted, and for good cause shown, the Court hereby DENIES defendants' motion for stay.

**BACKGROUND**

Plaintiffs Irwin and Susan Gootnick filed suit in state court against defendants Eric Lighter, Honolulu Rail and Development, Ltd., and Credit Bureau International, Inc., on May 18, 2005, alleging that Lighter fraudulently gained control over the assets of the Gootnick Family Trust for his own benefit under the guise of acting as a financial adviser to plaintiffs.[1] Compl. at 1-2. The suit was removed to this Court on July 7, 2005. On February 15, 2006, one day after Lighter was served with discovery requests in this action, Lighter filed papers seeking bankruptcy protection for the Gootnick Family Trust in bankruptcy court in Hawaii. Pursuant to 11 U.S.C. § 362, the filing of bankruptcy papers serves to automatically stay any proceedings against Gootnick Family Trust. *See* 11 U.S.C. § 362(a). Lighter

---

[1] Plaintiffs allege that Honolulu Rail and Credit Bureau International are controlled by Lighter and were used in his scheme. Compl. at 4-6.

1  asserts that this automatic stay applies to the instant action.[2]

## DISCUSSION

The automatic stay provision applies to all actions seeking to obtain possession of the property of the debtor estate. *See id*. However, the provision ordinarily only applies to actions against the debtor. *See U.S. v. Dos Cabezas Corp*., 995 F.2d 1486, 1491 (9th Cir. 1993). Debtor Gootnick Family Trust is not a defendant in this action. Courts have made limited exceptions in cases where there is such identity between the nondebtor defendant and the debtor that a finding against the nondebtor defendant would constitute a judgment against the debtor. The vitality of this exception in the Ninth Circuit is unclear, *see In re Chugach Forest Prods*., 23 F.3d 241, 246-47 (9th Cir. 1994), but in any event the exception does not apply where the nondebtor defendant's liability does not derive from some obligation of the debtor. *See id*. at 247. Plaintiffs' action does not derive from any obligation of GFT; it is instead based on Lighter's alleged bad faith in his business dealings with the Gootnicks. *See* Compl. at 1-2. Accordingly, the Court DENIES defendants' motion to apply the automatic stay to the instant action (Docket No. 72).[3]

**IT IS SO ORDERED.**

Dated: April 13, 2006

SUSAN ILLSTON
United States District Judge

---

[2] This is the second voluntary bankruptcy filing initiated by Lighter in Hawaii since his motion to transfer this action to Hawaii was denied. The first, filed in December, 2005 on behalf of Quality Income Systems, Inc., was dismissed by the bankruptcy court in February 2006, based on bad faith filing.

[3] At the February 2006 hearing before the bankruptcy court in Hawaii, Judge Faris was alerted to the new filing on behalf of Gootnick Family Trust. At that time he stated that the new case was not before him at that time, but that "if people want to file motions, they can file motions and I'll look at them when they come in." The instant order rejecting imposition of the automatic stay is without prejudice to consideration of any orders which Judge Faris may ultimately issue in the Gootnick Family Trust bankruptcy proceedings.

2