MARLIS McALLISTER [SBN 124265]
McALLISTER LAW GROUP
Post Office Box 1964
Los Altos, California 94023
Telephone: (650) 948-7536
Facsimile: (650) 948-7502

Attorney for Defendants Eric Lighter,
Honolulu Rail & Development, Ltd., and
Credit Bureau International, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRWIN GOOTNICK and SUSAN GOOTNICK,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>ERIC A LIGHTER, HONOLULU RAIL & DEVELOPMENT, LTD., and CREDIT BUREAU INTERNATIONAL, INC.,<br><br>　　　　Defendants<br>_____/ | Case No. C 05-02787 SI<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Date: May 19, 2006<br>Time: 9:00 a.m.<br>Ctrm: 10<br>Judge: Hon. Susan Illston<br>Trial Date: March 5, 2007 |

Defendants Eric A Lighter ("Lighter"), Honolulu Rail & Development, Ltd., and Credit Bureau International, Inc. (collectively, "Defendants"), submit the following points and authorities in opposition to the Motion for Leave to File First Amended Complaint filed by plaintiffs Irwin and Susan Gootnick (collectively, the "Gootnicks"):

## INTRODUCTION

A whole year after filing their original complaint, the Gootnicks now seek leave to file an amended complaint to allege a cause of action for fraud against Lighter. They offer no legitimate justification for the delay, however, arguing only that recently discovered information essential to the proposed cause of action. The Gootnicks were aware of the alleged fraud at the time they filed the original complaint because they used it as the basis for their cause of action for cancellation of instruments. In addition, the information they argue they discovered only recently is information they

must have known at the time they filed their original complaint. In addition, their failure to include the specific fraud allegations in the original complaint changed the complexion of the case to the extent that Lighter had less justification for his failed motion to transfer venue. The specific fraud allegations they now seek to assert will require the testimony of a significant number of witnesses who are residents of Hawaii. Thus, it appears the failure to include the proposed cause of action in the original complaint was done intentionally to subvert Lighter's attempt to have this case heard in Hawaii. The motion should be denied.

## ARGUMENT

While leave to amend may be freely given *when justice so requires*, there are several circumstances under which it should not be granted. As the Ninth Circuit has stated:

> There are several accepted reasons why leave to amend should not be granted, including presence of bad faith on the part of the plaintiff, undue delay, prejudice to the defendant, futility of amendment, and that the plaintiff has previously amended the complaint.

*Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

**A. PLAINTIFFS DELAYED UNDULY IN BRINGING THEIR MOTION FOR LEAVE TO FILE THE FIRST AMENDED COMPLAINT; IT SHOULD BE DENIED.**

The only justification the Gootnicks have offered for their failure to include the proposed fraud cause of action in their original complaint is alleged testimony by Lighter that Irwin Gootnick transferred approximately $500,000 to him in 2004 and that he no longer has that money.[1] It exceeds the bounds of credulity, however, to suppose that Irwin Gootnick somehow forgot when he was filing his original complaint that he had transferred half a million dollars to Lighter a year before. In addition, the fact that Lighter no longer has the funds is not even alleged as part of the proposed fraud cause of action. *See* Nelson Decl., exh. 1, pp. 4-13. There is no justification whatsoever for the Gootnick's delay in asserting a fraud cause of action. The motion should be denied.

---

[1] The Gootnicks' contention that "defendants have not produced a single document and are indicating they will not participate in depositions" is false. *See* Motion, p. 2. Defendants have produced several banker's boxes full of documents and all of the noticed depositions have been concluded. Lighter Decl., ¶ 2-3. Defendants participated in discovery despite the fact that they have filed a motion to enforce stay in the bankruptcy court, which will not be heard until mid-May. *Id.* at ¶ 4.

### B. PLAINTIFFS' FAILURE TO INCLUDE THEIR FRAUD CAUSE OF ACTION IN THE ORIGINAL COMPLAINT APPEARS TO HAVE BEEN IN BAD FAITH; THE MOTION SHOULD BE DENIED.

When the Gootnicks filed their original complaint, they included only causes of action for cancellation of instruments and to quiet title. When Defendants sought to transfer this case to the District of Hawaii, the Gootnicks argued against the motion by claiming that, other than Lighter himself, the only relevant witnesses were the Gootnicks, who live in California, and Sam Fung, who lives in Oregon. *See* Plaintiffs' Opposition to Lighter's Motion to Dismiss or Motion to Change Venue, filed October 4, 2005 (Docket # 22), p. 15. There are numerous additional witnesses on whom Lighter would rely to defend against the proposed fraud allegations. They include the following:

| Witness | Nature of Testimony |
|---|---|
| Beatrice Kobayashi<br>2299 Roundtop Drive<br>Honolulu, HI 96822 | HPW, Inc./Roundtop Drive Property |
| Joan Prescott-Lighter<br>P.O. Box 490<br>Volcano, HI 96785 | Ownership of various companies involved in transaction |
| Katherine Lighter<br>P.O. Box 334<br>Hawi, HI 96719 | Ownership of various companies involved in transaction |
| Claire Wright<br>1626 17th Street<br>Lewiston, ID 83501 | Hawaiian Colony Hotel |
| Gary Scherer<br>575 Cooke Street<br>Suite 2913<br>Honolulu, HI 96813 | Diamond Credit Bureau, Inc. |
| Max Medeiros<br>P.O. Box 451<br>Lawi, Kauai, Hawaii 96765 | Royal Patents |
| Mahealani Ventura-Oliver<br>584 Haiki Place<br>Waiehu, HI 96793 | Royal Patents |
| Parent(s) of Mahealani<br>Hawaii | Royal Patents |

Lighter Decl., ¶ 5. With one exception, all nine of these witness are located in Hawaii. Thus, had the proposed fraud allegations been included in the original complaint, Lighter would have been able to

make a much stronger argument in support of the motion to transfer. Because there is nothing in the proposed cause of action that was not known to the Gootnicks at the time they filed the original complaint, it appears they omitted it intentionally to avoid transfer of this action to Hawaii. The motion should be denied.

**CONCLUSION**

The Gootnicks waited until a year after filing their original complaint to seek leave to amend it to include a fraud cause of action against Lighter. The proposed new cause of action is based on alleged facts known to the Gootnicks at the time they filed their original complaint and there is no justification for the delay in alleging them. In addition, the failure to have included the alleged facts in the original complaint appears to have been in bad faith in that it enabled the Gootnicks to argue more successfully against Defendants' motion to transfer this action to Hawaii. The motion should be denied.

Dated: April 28, 2006                           McALLISTER LAW GROUP

By _____
Marlis McAllister
Attorney for Defendants Eric Lighter,
Honolulu Rail & Development, Ltd., and
Credit Bureau International, Inc.

Memo of Ps & As in Opposition to Motion for Leave to File First Amended Complaint